IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-56-FL

| | | |
|---|---|---|
| ALAN PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ENVOY AIR, INC., *formerly known as* | ) | ORDER |
| *American Eagle Airlines, Inc.*; AMERICAN | ) | |
| AIRLINES, INC.; and AMERICAN | ) | |
| AIRLINES GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on plaintiff's motion to remand this matter to the General Court of Justice, Superior Court Division, Wake County, North Carolina ("Wake County Superior Court"), pursuant to 28 U.S.C. § 1447(c). (DE 14). The issues raised have been briefed fully, and in this posture are ripe for ruling. For the reasons that follow, plaintiff's motion is granted and the case is remanded to Wake County Superior Court.

**BACKGROUND**

Plaintiff, formerly employed with Skytanking USA, Inc. ("Skytanking") for the purpose of fueling airplanes at Raleigh-Durham International Airport ("RDU"), filed complaint against defendants Envoy Air, Inc.; American Airlines, Inc.; and American Airlines Group, Inc., in Wake County Superior Court on January 7, 2015. Defendants were served with process on January 9, 2015.

Plaintiff alleges that on February 23, 2014, he was standing outside a Skytanking fuel truck parked in the "ramp area" near RDU's gate 23, leaning against the passenger door of the truck for support. An employee of one or more defendants was driving a motorized vehicle, used to transport airline passengers' baggage, through the ramp area in violation of RDU policy. The motorized vehicle collided with the fuel truck, causing the truck to lurch forward. It is alleged that the sudden motion injured plaintiff's left hip and leg.

Plaintiff complains that defendants negligently failed to train the driver. In addition, plaintiff contends defendants are liable for the driver's negligence through the doctrine of *respondeat superior*. Plaintiff prays for damages "in excess of $10,000," alleging he has suffered a loss of income, diminished earning capacity, temporary and permanent injuries, pain and suffering, emotional distress, and loss of quality of life.

On February 6, 2015, defendants filed notice of removal in this court. (DE 1). On February 18, 2015, plaintiff filed the instant motion to remand. It is undisputed that no federal question exists in this case. It is further undisputed that the parties are diverse, where plaintiff is domiciled in North Carolina and defendants all are incorporated in Delaware with their principal places of business in Texas. However, in his motion to remand, plaintiff argues that this court lacks diversity of citizenship jurisdiction, because his damages will not exceed $75,000.

**COURT'S DISCUSSION**

A.  Standard of Review

A civil action which is brought in state court, but over which the federal courts have original jurisdiction, may be removed by a defendant to the district court embracing the place where the action is pending. 28 U.S.C. § 1441(a). To properly remove a case, the defendant must file a notice

of removal in the district court within thirty 30 days of receipt of a copy of the initial pleading setting forth the claim for relief in the action. Id. § 1446(b). The defendant must also file a copy of the notice of removal in state court. Id. § 1446(d). At any time prior to final judgment, plaintiff may move to remand the case on the basis of lack of subject matter jurisdiction. Id. § 1447(c).

"Because removal jurisdiction raises significant federalism concerns, [federal courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted). This presumption against removal jurisdiction places the "burden of establishing federal jurisdiction . . . upon the party seeking removal." Id.

B.   Analysis

This court has original jurisdiction where the parties are diverse and the "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1322(a). Where removal of a civil action is sought on the basis of diversity jurisdiction, as here, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount in controversy if the initial pleading seeks (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded. . . ." 28 U.S.C. § 1446(c)(2). If a complaint does not allege a specific amount of damages, the removing defendant must prove "by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(B); accord Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013).

3

North Carolina Rule of Civil Procedure 8(a)(2) provides that the complaint "shall not state a [specific] demand for monetary relief." N.C. Gen. Stat. § 1A-1, Rule 8(a)(2). In compliance with that rule, plaintiff asserts only that he has suffered damages "in excess of $10,000." (Compl., DE 1-1, at 6); see also N.C. Gen. Stat. § 1A-1, Rule 8(a)(2). Therefore, defendants bear the burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold amount. Defendants have failed to do so.

In support of his motion to remand, plaintiff submitted an affidavit in an attempt to show that the amount in controversy actually is less than $75,000. (See generally Peterson Aff., DE 14-1). In response to plaintiff's motion, defendants contend the amount in controversy is greater than $75,000, but do too little to support their contention. Defendants offer no evidence to bolster their argument. Defendants submit no affidavits regarding the severity of plaintiff's injuries or length of probable unemployment. Rather, defendants merely point to plaintiff's failure to address each category of damages prayed for in the complaint through his affidavit. However, such finger-pointing is insufficient, where defendants must carry the ultimate burden of demonstrating jurisdiction.

Defendants suggest the court may use its "judicial experience and common sense" to determine that the amount in controversy exceeds the jurisdictional threshold. (Def.'s Resp. Br., DE 21, at 6 n.3 (citing Roe v. Michelin N. Am. Inc., 613 F.3d 1058, 1062 (11th Cir. 2010)). However, given the amount of damages evidenced in plaintiff's affidavit, "judicial experience and common sense" do not compel the conclusion that plaintiff suffered damages in excess of the jurisdictional amount.

4

Defendants attempt to calculate plaintiff's damages by adding the expenditures listed in plaintiff's affidavit. In doing so, defendant arrives at $61,233.95 in damages, a figure that includes neither plaintiff's future lost wages nor pain and suffering. However, defendants' calculations are in error.

For example, plaintiff avers he has suffered lost wages in the amount of $16,236.00 for the period from February 23, 2014 to present. (Peterson Aff. ¶4). But, plaintiff also submits evidence showing he has received workers' compensation indemnity payments in the amount of $10, 373.46 for the period from March 27, 2014, through February 9, 2015. (Id. at 3). Plaintiff is only entitled to recover from defendants the difference between his lost wages and workers' compensation indemnity payments, $5862.54. See N.C. Gen. Stat. § 97-10.2(e) ("In the event that [the amount of workers' compensation indemnity payments] is introduced [at trial] the court shall instruct the jury that said amount will be deducted by the court from any amount of damages awarded to plaintiff."); Rogers v. Southeastern Const. Co.,214 N.C. 269, 199 S.E. 41, 42 (1938) ("The amount paid by the insurance carrier to the employee is not recoverable from a third party tort-feasor in addition ot the fair compensation for injury received, but is only to be paid from the amount of such fair compensation."). Assuming *arguendo* defendants' figure is otherwise accurate, that adjustment alone alters defendants' proposed damages calculation, dropping it to under $45,000.00.[1]

Judicial experience and common sense does not counsel that plaintiff's damages flowing from pain and suffering, emotional distress, and diminished earning capacity will result in an additional $30,000.00 accruing to plaintiff. This conclusion is confirmed by plaintiff's age and

---

[1]In addition, defendants' figure relies on the amount paid by workers' compensation for plaintiff's medical expenses. As noted, § 90-10.2(e) allows defendants to offset any recovery had by plaintiff for medical expenses by this amount. Defendants fail to submit any evidence showing plaintiff suffered any medical expenses in excess of the amount paid by worker's compensation.

5

previous weekly earning capacity. In addition, as noted, defendants submit nothing to support their inference that such damages will exceed the jurisdictional threshold.

**CONCLUSION**

Based on the foregoing, plaintiff's motion to remand is GRANTED. (DE 14). This case is hereby REMANDED to the General Court of Justice, Superior Court Division, Wake County, North Carolina, for further proceedings. The clerk is DIRECTED to deliver a certified copy of this court's order together with a copy of the court's final judgment via U.S. Mail to the Wake County Clerk and then CLOSE this case.

SO ORDERED, this the 7th day of April, 2015.

LOUISE W. FLANAGAN
United States District Judge